BIGELOW *v.* SHEEHAN.

APPEAL OF MARR.

WITNESSES — COMPETENCY — TRANSACTIONS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

It is incompetent for a broker, claiming commissions under an agreement with deceased, to testify that he was to have commissions if he found a purchaser, without regard to the actual sale of the property; as such testimony is excluded by 3 Comp. Laws, § 10212, as amended by Act No. 30, Pub. Acts 1903, being equally within the knowledge of deceased.

Appeal from Wayne; Mandell, J.   Submitted April 17, 1911.   (Docket No. 51.)   Decided May 8, 1911.   Rehearing denied September 29, 1911.

William N. Marr presented a petition in the cause of Albert E. Bigelow and others against Robert C. Sheehan and others for the allowance of brokers' commissions. From a decree dismissing the petition, said Marr appeals. Affirmed.

*Edward S. Grece,* for appellant.

*Walker & Spalding,* for appellees.

MOORE, J.   A reference to the opinion as found in 150 Mich. 507 (114 N. W. 389), will aid in understanding the issues here.   After that opinion was handed down, William N. Marr presented a claim as a creditor of Calvin A. Cook for commissions.   The claim was heard before the circuit judge, who disallowed the claim.

Mr. Marr was sworn as a witness.   His testimony was objected to because equally within the knowledge of Mr. Cook, deceased.   His claim as testified to by him is as follows:

"I didn't have to sell the land. I want it distinctly understood that I did not have to sell the land. I was to advertise it, and talk it up to the lumbermen, and if I found a sale it was all right; but if I didn't find a sale, whenever the land was sold, I was to have 5 per cent. at the time whenever the land was sold. I was to have 5 per cent., and, as I thought, I had sold it all right, I claimed I had sold it, when this case was commenced; but I don't think it was necessary for me to state it at all. I didn't think anything about it; but the bargain with Cook was like this: I says: 'I can't advertise this land, and talk it to every man that I know is a timber handler, and stand any show at all of making a deal.' And I said: 'Other men will step in and make the deal, and I am out. I will get nothing for my time.' And he says: 'No; it makes no difference who sells the land at all. I will pay 5 per cent.' And that is what I claim today, is the 5 per cent. I was to have straight, fair play, and no dodging. * * * I could not tell what I said. I simply notified him there was a transfer sale, and he could close up the sale at any time with Mr. Ray at any time; but Mr. Ray was away from home at that present time, but would be there very soon. That is the substance of it. The substance of it was to that effect, because I did not have to make a sale of the land. I didn't go any further. I was entitled to my pay without making a sale. I don't claim I was making a sale of the land at all. I claimed I simply had found the chance to make a sale, and I notified him of the fact, and it did not make any difference to me if the land was not sold for two years afterwards, whether or not. I was entitled to my pay anyway. All the way through it did not make any odds. I was entitled to my pay, whether I made the sale, or some other man made it."

The question has been before this court so often that it is not necessary to cite authorities to the point that the testimony of Mr. Marr as to his agreement with Mr. Cook, the deceased, was incompetent. A careful reading of every word of the record satisfies us that the trial judge was right when he held that there was no competent evidence that Mr. Cook was ever informed that the petitioner had obtained a purchaser for the lands, or of the terms of the offer that the petitioner claims to have obtained

therefor, and that there is no sufficient evidence of any agreement by Cook that the petitioner should have a commission in case a sale of the lands was made otherwise than through him.   Decree is affirmed.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.